```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


LILA PETERS SOUTHALL, wife              CIVIL ACTION
of/and REV. CHARLES JOSEPH
SOUTHALL, III

VERSUS                                  NO: 06-3848

ST. PAUL TRAVELERS INSURANCE            SECTION: "J"(4)
COMPANY and XYZ INSURANCE
COMPANY
```

**ORDER AND REASONS**

Before the Court is Plaintiffs' **Motion to Remand (Rec. Doc. 4)**. The Standard Fire Insurance Company, improperly identified as St. Paul Travelers Insurance Company, claims to be the only proper defendant and opposed this motion, set for hearing on the briefs on August 16, 2006.

**Factual Background**

Plaintiffs are alleging that Hurricane Katrina and/or Rita damaged their residence that was covered by an insurance policy issued by Defendant. Plaintiffs assert that eight months after they notified Defendant, it refused in bad faith to respond to Plaintiffs' calls or provide settlement of their claims - including claims for additional living expenses. Plaintiffs are now seeking damages, penalties, and attorneys fees from Defendant arguing that its conduct constitutes a breach of its duty to deal in good faith and to adjust Plaintiffs' claims fairly and

1

promptly.

Plaintiffs filed suit in state court. Defendant removed the case to this Court claiming diversity jurisdiction and jurisdiction under the Multiparty, Multiforum Trial and Jurisdiction Act of 2002 ("MMTJA").

## The Arguments of the Parties

Plaintiffs claim that the $75,000 amount in controversy requirement necessary to assert diversity jurisdiction is not satisfied.  Plaintiffs acknowledge that they did not plead a specific amount of damages in their state court petition. Plaintiffs allege that Defendant did not prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

In their removal papers, Defendants asserted that the insurance policy limits along with Plaintiffs' claims for living expenses and claims for penalties exceed $75,000.  However, Plaintiffs assert that they never claimed they were entitled to the full value of their policy, thus, they claim the amount for the full value of the policy should not be factored into the amount in controversy determination.  Instead, Plaintiffs assert that it is the value of the claim at issue - not the value of the policy- that determines the amount in controversy.

In its Opposition, Defendant notes that it did not base its removal on only diversity.  Defendant points out that in Plaintiffs' motion to remand, they did not to address Defendant's other stated alternative basis for jurisdiction – jurisdiction under the MMTJA, 28 U.S.C. §§ 1369 and 1441(e)(1)(B).

Defendant claims section 1369 jurisdiction exists because minimal diversity exists (Defendant is domiciled in Connecticut while Plaintiffs are Louisiana citizens) and because a defendant resides in a state and a substantial part of the accident took place in a different state.  Defendant asserts that this jurisdiction further exists because substantial parts of the accident took place in different states.  Defendant states that Hurricane Katrina clearly was an accident within the meaning of this statute as it was a natural event that resulted in an accident, killing at least 75 people.

Also, Defendant claims that section 1441(e)(1)(B) sets forth an alternative basis for federal jurisdiction independent of whether jurisdiction exists under section 1369.  Specifically, Defendant argues that this statute allows an otherwise unremovable lawsuit regarding an "accident" when the defendant is already involved in a pending federal action concerning the same "accident" and jurisdiction exists for that pending action under the MMTJA.

In its removal papers, Defendant asserted that it is currently a defendant in three cases in the Eastern District - two of which are consolidated.  Defendant claims that the Fifth Circuit has already determined that section 1441(e)(1)(B) allows removal in situations where original federal subject matter jurisdiction does not exist. <u>Wallace v. Louisiana Citizens Property Insurance Corp.</u>, 444 F.3d 697, 702 (5th Cir. 2006).  The Fifth Circuit in <u>Wallace</u> held that 1441 (e)(1)(B) established

supplemental jurisdiction, "piggy-backing jurisdiction on the district court's original jurisdiction under § 1369(a) over the pending Chehardy [v. State Farm] action." Id.  Defendant asserts that like the defendants in Wallace, it has been named as a defendant in Chehardy (although it was improperly identified as Travelers Property Casualty Company of America - which is now consolidated with a case before Judge Duval); therefore, it should be allowed to "piggy-back" into federal court based on the Chehardy decision.

Last, Defendant asserts that diversity jurisdiction also exists.  Defendant acknowledges that Plaintiffs did not specify a specific amount of damages, however, notes that they state that their residence was "severely" damaged and that Defendant has refused to settle their claims for more than eight months. Plaintiffs also claim Defendant failed to provide them with additional living expenses during that period. Plaintiffs seek to recover penalties under La. R.S. 22:1220, which allows up to double the consequential damages incurred by a plaintiff. Defendant claims the court must also consider potential penalties, statutory damages, and punitive damages.  Thus, Defendant argues "it is more likely than not that the amount in controversy exceeds $75,000."

## Discussion

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  See 28 U.S.C. § 1441(a). The removing party bears

4

the burden of showing that federal jurisdiction exists.  See Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir.1995). Statutes conferring removal jurisdiction are strictly construed. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.1988). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir.1995); Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir.1993) (per curiam); Willy, 855 F.2d at 1164.

**Diversity Jurisdiction:**

It is not disputed that the parties are diverse. Whether the amount in controversy is satisfied is, however, disputed.

Where a plaintiff's complaint does not allege damages, the burden is on the removing defendant to establish by a preponderance of the evidence that the jurisdictional amount exists. Garcia v. Koch Oil Co. of Texas, Inc., 351 F.3d 636, 638-39 (5th Cir. 2003).  A defendant may establish this in one of two ways: "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount." Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5 Cir.1999) (internal quotations omitted; emphasis in original), see also, Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5 Cir.1999).

In the state court petition, Plaintiffs do not allege specific amounts they are seeking under the insurance policy - as Louisiana law does not permit them to plead a specific amount of money damages.  In the Petition, Plaintiffs also do not claim that they are entitled to the full value of the insurance policy; however, they state that their residence was "severely" damaged.  They also state that Defendant has refused to settle their claims for more than eight months.  Plaintiffs also claim Defendant failed to provide them with additional living expenses during that period. Plaintiffs seek to recover penalties under La. R.S. 22:1220, which allows up to double the consequential damages incurred by a plaintiff.  Plaintiffs are also seeking recovery for attorneys fees, interest, and court costs.  Plaintiffs state in their motion to remand that the claim is not worth more than $75,000.

Defendant, on the other hand, largely premises its argument that the amount in controversy is met based on its assertion that the value of the policy at issue ($300,000) is over the $75,000 jurisdictional requirement.  Defendant cites three cases that allegedly stand for this proposition.  However, this Court is persuaded by a recent opinion in a case before Judge Sarah Vance, which is strikingly similar to the instant case.

In <u>Atkins v. Lexington Ins. Co.</u>, 2006 WL 1968895 (E.D. La. 2006),  the defendant rested its removal petition on an assertion as to the value of the underlying policy, though there was no indication from the petition that the plaintiff sought to recover

6

the full value of the policy. Judge Vance explained:

> In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy. Hartford Ins. Grp. v. Lou-Con Inc., 293 F.3d 908, 911 (5th Cir.2002) (declaratory judgment action); see also Sea Trek, Inc. v. Sunderland Marine Mut. Ins. Co., 1995 WL 442062 at *1 (E.D.La.1995) (calculating the amount in controversy based on receipts and affidavits as to actual damages suffered).

Id. at *3.  Similarly, in Atkins, the defendant asserted that the plaintiff's list of claimed damages to his residence would involve the incurrence of substantial costs and/or expenses; however, it did not provide any evidence as to the possible cost of the claimed repairs. The plaintiff in Atkins claimed he was entitled to coverage from the defendant for items such as roof damage to his living premises and detached garage; ceiling damage in several rooms; mold and mildew damage to carpets in several rooms; replacement of "entire lawn grass;" mold/mildew treatment of, or removal from, air conditioning ducts, floors, and outside walls; replacement of 22 foot custom curtains; replacement of his refrigerator and other appliances; and "such other damages that may be concealed."  Judge Vance concluded:

> Although plaintiff claims a variety of damages to his home and property in his complaint, it is not facially apparent that his claims are for more than $75,000, especially in the absence of any specific claims about the extent of the damage to his property. For example, the cost of roof repair could vary widely depending on the damage, the type of roof, its size, and many other factors. The same is true of the other types of damage that plaintiff claims. The complaint also does not indicate the likely cost of the additional living

expenses Atkins claims.

Id.  Although in this case, Plaintiffs assert that their residence was severely damaged, no estimates of the amount of damages are given - and this Court cannot simply assume "severe" damage means the damages will exceed the $75,000 jurisdictional requirement.

Also, in Atkins, the plaintiff claimed penalties and attorney's fees under La.Rev.Stat. § 22:1220. Judge Vance explained:

> Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim. Under these circumstances, the Court is to consider claims for these items when it assesses the amount in controversy. See, e.g., Poynot v. Hicks, 2002 WL 31040174 at *3 (E.D.La.2002). Under section 22:1220, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to "penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious. La.Rev.Stat. § 22:1220; see Hannover Corp. of America v. State Farm Mutual Auto. Ins. Co., 67 F.3d 70, 75 (5th Cir.1995) (holding that a plaintiff must show damages arising from the breach to recover any more than $5,000). Section 22:1220 requires proof of actual damages from the insurer's breach. Here, [the plaintiff] does not indicate in his complaint the amount of damages he sustained from [the defendant]'s breach, if any.

Id.  Ultimately, the Atkins court concluded that based on the facts alleged in the plaintiff's petition, it was not facially apparent that the amount in controversy was greater than $75,000. The Court noted that the defendant had not submitted any evidence indicating that the plaintiffs' claims exceeded $75,000.

8

Therefore, the Court granted the plaintiff's motion to remand.

Similarly in this case, it is not "facially apparent" from the petition that the $75,000 amount in controversy requirement is met. Plaintiff's petition does not specify the monetary value of his damages claims, and on its face the petition does not provide sufficient information to infer what amount of damages is reasonably at issue. Defendant's removal papers fail to satisfy the requirement that it set forth facts in controversy that support a finding of the requisite amount, and Defendant has certainly not proven by a preponderance of the evidence that $75,000.00 is in issue in this case.

It is worth noting that in its opposition to Plaintiffs' motion to remand, Defendant warns that if this case is remanded and it becomes apparent *later* that the amount in controversy exceeds the jurisdictional amount, it will be forced to remove it "again at great expense to all parties and the risk of judicial inefficiency." Indeed, Defendant should have waited to file this removal until if and when it could prove by a preponderance of the evidence that the amount in controversy was satisfied. Therefore, it is Defendant that should be cautioned about "judicial inefficiency."

**Multiparty, Multiforum Trial and Jurisdiction Act of 2002 ("MMTJA"):**

Defendant argues that jurisdiction exists pursuant to the MMTJA under either the original jurisdiction provision at 28 U.S.C. § 1369 or the supplemental provision at 28 U.S.C. §

1441(e)(1)(B). Section 1369 grants original federal jurisdiction over "any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a).  According to this statute, the term "accident" means, "a sudden accident, or a natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 natural persons." 28 U.S.C. § 1369(c)(4).

Defendant argues jurisdiction under section 1369 exists because Hurricane Katrina clearly was an "accident"  within the meaning of the statute.  Plaintiffs do not even address the MMTJA in their motion to remand.

Defendant also argues that, in the alternative, 28 USC § 1441(e) allows removal of a state court claim to the district where a 1369 case is pending, even if the state court claim could not itself have been removed under 1369, if the state claim relates to the same accident, i.e. Hurricane Katrina.  Section 1441 states:

> Notwithstanding the provisions of subsection (b) of this section, a defendant in a civil action in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if--
> (A) the action could have been brought in a United States district court under section 1369 of this title; or
> (B) the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the

>        action in State court, even if the action to be
>        removed could not have been brought in a district
>        court as an original matter.

28 U.S.C. § 1441(e)(1)(B).

As previously noted, because federal courts exercise limited jurisdiction, jurisdictional statutes must be strictly construed in favor of remand. With this in mind, the Court must reject Defendant's assertion that the MMTJA applies to this case.

Contrary to Defendant's assertion, this Court determines that it is anything but *clear* that Hurricane Katrina was an "accident" within the meaning of the statute. If anything, it is more *clear* that it was *not* an accident within the meaning of this statute. This Court concludes that the although more than 75 died as a result of Hurricane Katrina and its aftermath, those deaths did not arise from a "single accident" and did not occur at a "discrete location" so as to trigger jurisdiction under this statute.

Further, Congress enacted the MMTJA to allow full consolidation of state and federal cases related to a common disaster to eliminate multiple or inconsistent awards arising from multiforum litigation. See H.R. Conf. Rep. No. 107-685, at 200, *reprinted in* 2002 U.S.C.C.A.N. 1120, 1152 (2002). As this Court reasoned when faced with this issue in Hillery v. State Farm Fire and Casualty Company, No. 06-cv-2909, Defendant does not suggest that this case should be consolidated with any other related case. The few cases that have thus far rested on the

MMTJA have been large class actions or consolidated cases.

Here, like the in the Hillery case, Defendant is also a defendant in *Chehardy v. Wooley*, No. 3:05-cv-1140. *Chehardy* was removed to the Middle District of Louisiana from a state court class action proceeding. After oral argument, jurisdiction was found to be based on 28 U.S.C. §§ 1332(a), 1332(d), and 1369. The record does not elaborate on the reasoning behind these alternative bases of jurisdiction. The case was then transferred to the Eastern District and consolidated as No. 2:06-cv-1672 with lead case *In re: Katrina Breaches Litigation*, No. 2:05-cv-4182, along with many other cases suing for damages allegedly resulting from the breached levees around New Orleans.

Defendant here, like in Hillery, argues that because it is a defendant in *Chehardy,* which is based on section 1369, relates to the Hurricane Katrina "accident", and is in this jurisdiction, all other claims against it related to Hurricane Katrina can be removed to this jurisdiction under section 1441(e)(1)(B). Defendant does not suggest that this claim should be consolidated with *Chehardy* and the *In re: Katrina Related Breaches Litigation* or with any other claims. Plaintiffs' claim has nothing to do with the breached levees and does not appear to require construction of Louisiana statutes. There is no indication that the adjudication of this suit in a state court forum would lead to inconsistent awards with suits in other fora. As the name of

12

the act implies and as Judge Lemmon, looking at a similar jurisdictional claim, has recently decided, "[t]he narrow jurisdiction under the MMTJA is not intended to apply to a case where there are not many plaintiffs and many defendants." *Willhoft v. Kert Leblanc Ins. Agency*, No. 2:06-cv-1235 (E.D.La. July 5, 2006)(order granting remand). The same reasoning applies to this case.  Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion to Remand (Rec. Doc. 4)** should be and hereby is **GRANTED**.

New Orleans, Louisiana this 16th day of August, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

13